Kristie L. Fischer
2565 Coral Sky Court,
Las Vegas, Nevada 89142
Telephone: (702) 218-0253
Email: fischer.kristie@gmail.com


Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,
Doherty Pierson III*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Doherty Pierson III, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| Equifax Information Solutions, LLC, a foreign limited liability company, Trans Union, LLC, a foreign limited liability company, EOS CCA, a foreign corporation, Audit & Adjustment Company, Inc., a foreign corporation, | JURY TRIAL DEMAND |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, DOHERTY PIERSON III, BY AND THROUGH COUNSEL, KRISTIE L. FISCHER, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Las Vegas, Clark County, Nevada.

4. Venue is proper in the District of Nevada, Las Vegas Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Las Vegas, Clark County, Nevada.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the state of Nevada;

   b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the state of Nevada;

    c. EOS CCA ("EOS") is a foreign corporation that conducts business in the state of Nevada; and

    d. Audit & Adjustment Company, Inc. ("Audit & Adjustment") is a foreign corporation that conducts business in the state of Nevada.

## GENERAL ALLEGATIONS

7. EOS and Audit & Adjustment (collectively "Furnishers") are inaccurately reporting their respective Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on the following credit bureaus:

    a. EOS is inaccurately reporting its Errant Tradeline on Plaintiff's Trans Union credit file; and

    b. Audit & Adjustment is inaccurately reporting its Errant Tradelines on Plaintiff's Equifax credit file.

8. Plaintiff no longer dispute the Errant Tradelines from both the Plaintiff's Equifax and Trans Union credit files.

9. On January 9, 2020, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of account in dispute.

10. On or about March 9, 2020, Plaintiff submitted a letter to Equifax and Trans Union requesting that the credit bureaus remove the notation of account in dispute.

11. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

12. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

13. In response to Plaintiff's dispute, the Furnishers verified to Equifax and Trans Union that its reporting of its Errant Tradelines were accurate.

14. Plaintiff had not received Equifax and Trans Union's investigation results. Therefore, on April 18, 2020, Plaintiff obtained his Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of account in dispute.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

4

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EOS

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Trans Union of Plaintiff's consumer dispute of the erroneous notation, EOS negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. EOS negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the notation of account in dispute.

19. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such Tradeline.

20. As a direct and proximate cause of EOS' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. EOS is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

5

22. Plaintiff has a private right of action to assert claims against EOS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant EOS for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EOS

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, EOS willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

25. EOS willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of EOS' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. EOS is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant EOS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AUDIT & ADJUSTMENT

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, Audit & Adjustment negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

30. Audit & Adjustment negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the notation of account in dispute.

7

31. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such Tradeline.

32. As a direct and proximate cause of Audit & Adjustment's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Audit & Adjustment is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Plaintiff has a private right of action to assert claims against Audit & Adjustment arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Audit & Adjustment for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AUDIT & ADJUSTMENT**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

8

36. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Audit & Adjustment willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

37. Audit & Adjustment willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of Audit & Adjustment's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. Audit & Adjustment is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Audit & Adjustment for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

42. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

44. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

49. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

11

51. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

56. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

57. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

58. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

63. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

64. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

65. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 30, 2020

15

|   |   |
|---|---|
| 1 | |
| 2 | By: /s/ Kristie L. Fischer |
| 3 | Kristie L. Fischer |
| | 2565 Coral Sky Court, |
| 4 | Las Vegas, Nevada 89142 |
| 5 | Telephone: (702) 218-0253 |
| | Email: fischer.kristie@gmail.com |
| 6 | *Attorneys for Plaintiff,* |
| 7 | *Doherty Pierson III* |